UNITED STATES DISTRICT COURT
for the
DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| MICHAEL DeCICCO, Plaintiff | ) | |
| V. | ) | Civil Action No. CA 05 429S |
| CAMPANALE & SONS, INC., Defendant | ) | |

PLAINTIFF'S COMPLAINT AND DEMAND FOR JURY TRIAL

Now comes the Plaintiff in the above-entitled matter and for his complaint states:

General Factual Allegations

1. The Plaintiff, MICHAEL DeCICCO, is a resident of Ballwin, Missouri.

2. The Defendant, CAMPANALE & SONS, INC., is a corporation, duly organized and existing under the laws of the State of Rhode Island.

3. On or about October 19, 2002, the Defendant, CAMPANALE & SONS, INC., was doing business within the State of Rhode Island.

4. On or about October 19, 2002, the Plaintiff, MICHAEL DeCICCO, was employed by the Defendant, CAMPANALE & SONS, INC.

5. On or about October 19, 2002, the Plaintiff, MICHAEL DeCICCO, was employed by the Defendant, CAMPANALE & SONS, INC., as a seaman, and a member of the crew of the F/V BARBARA ANN.

6. On or about October 19, 2002, the Defendant, CAMPANALE & SONS, INC.,

owned the F/V BARBARA ANN.

7. The Defendant, CAMPANALE & SONS, INC., chartered the F/V BARBARA ANN from some other person or entity such that on or about October 19, 2002 the Defendant, CAMPANALE & SONS, INC. was the owner pro hac vice of the F/V BARBARA ANN.

8. On or about October 19, 2002, the Defendant, CAMPANALE & SONS, INC., operated the F/V BARBARA ANN.

9. On or about October 19, 2002, the Defendant, CAMPANALE & SONS, INC., or the Defendant's agents, servants, and/or employees, controlled the F/V BARBARA ANN.

10. On or about October 19, 2002, the F/V BARBARA ANN was in navigable waters.

11. On or about October 19, 2002, while in the in the performance of his duties in the service of the F/V BARBARA ANN, the Plaintiff, MICHAEL DeCICCO, sustained personal injuries.

12. Prior to and at the time he sustained the above-mentioned personal injuries, the Plaintiff, MICHAEL DeCICCO, was exercising due care.

Jurisdiction

13. This Court has subject matter jurisdiction over this matter pursuant to The Merchant Marine Act of 1920, commonly called the Jones Act, 46 U.S.C., §688 et. seq.

14. This Court has subject matter jurisdiction over this matter pursuant to 28 U.S.C. §1331, 28 U.S.C §1332 and 28 U.S.C. §1333.

COUNT I

MICHAEL DeCICCO v. CAMPANALE & SONS, INC.

(JONES ACT NEGLIGENCE)

15. The Plaintiff, MICHAEL DeCICCO, reiterates the allegations set forth in paragraphs 1 through 14 above.

16. The personal injuries sustained by the Plaintiff, MICHAEL DeCICCO, were not caused by any fault on his part but were caused by the negligence of the Defendant, its agents, servants and/or employees.

17. As a result of said injuries, the Plaintiff, MICHAEL DeCICCO, has suffered pain of body and anguish of mind, lost time from his usual work and pursuits, incurred medical expenses, and has sustained and will sustain other damages as will be shown at trial.

18. This cause of action is brought under the Merchant Marine Act of 1920, commonly called the Jones Act.

WHEREFORE, the Plaintiff, MICHAEL DeCICCO, demands judgment against the Defendant, CAMPANALE & SONS, INC., in an amount to be determined by a Jury, together with interest and costs.

COUNT II

MICHAEL DeCICCO v. CAMPANALE & SONS, INC.

(GENERAL MARITIME LAW - UNSEAWORTHINESS)

19. The Plaintiff, MICHAEL DeCICCO, reiterates the allegations set forth in paragraphs 1 through 14 above.

20. The personal injuries sustained by the Plaintiff, MICHAEL DeCICCO, were due to no fault of his, but were caused by the Unseaworthiness of the F/V BARBARA ANN.

21. As a result of said injuries, the Plaintiff, MICHAEL DeCICCO has, suffered pain of body and anguish of mind, lost time from his usual work and pursuits, incurred medical expenses, and has sustained and will sustain other damages as will be shown at trial.

22. This cause of action is brought under the General Maritime Law for Unseaworthiness and is for the same cause of action as Count I.

WHEREFORE, the Plaintiff, MICHAEL DeCICCO, demands judgment against the Defendant, CAMPANALE & SONS, INC., in an amount to be determined by a Jury, together with interest and costs.

## COUNT III

## MICHAEL DeCICCO v. CAMPANALE & SONS, INC.

## (GENERAL MARITIME LAW - MAINTENANCE and CURE)

23. The Plaintiff, MICHAEL DeCICCO, reiterates all of the allegations set forth in Paragraphs 1 through 14 above.

24. As a result of the personal injuries described in paragraph 11 above, the Plaintiff, MICHAEL DeCICCO, has incurred and will continue to incur expenses for his maintenance and cure.

WHEREFORE, the Plaintiff, MICHAEL DeCICCO, demands judgment against the Defendant, CAMPANALE & SONS, INC., in an amount to be determined by a Jury for maintenance and cure, together with costs and interest.

COUNT IV

MICHAEL DeCICCO vs. CAMPANALE & SONS, INC.

(GENERAL MARITIME LAW/JONES ACT - INTENTIONAL/NEGLIGENT FAILURE TO PROVIDE MAINTENANCE and CURE)

25. The Plaintiff, MICHAEL DeCICCO, reiterates the allegations set forth in paragraphs 1 through 14 above.

26. As a result of the personal injuries described in paragraph 11 above, the Plaintiff, MICHAEL DeCICCO, has incurred and will continue to incur expenses for his maintenance and cure.

27. The Plaintiff, MICHAEL DeCICCO, has made demand upon the Defendant, CAMPANALE & SONS, INC., for the provision of maintenance and cure.

28. The Defendant, CAMPANALE & SONS, INC., has negligently, willfully, arbitrarily, and/or unreasonably failed to provide the Plaintiff with maintenance and cure in a timely and adequate manner.

29. As a result of the Defendant's failure to provide the Plaintiff maintenance and cure, the Plaintiff has sustained and will continue to sustain damages, including without limitation, pain of body and anguish of mind, lost time from his usual work and pursuits, medical and hospital expenses, attorneys fees, and has sustained and will sustain other damages as will be shown at trial.

WHEREFORE, the Plaintiff, MICHAEL DeCICCO, demands judgment against the Defendant, CAMPANALE & SONS, INC., in an amount to be determined by a Jury, as

compensatory damages for failure to pay maintenance and cure, together with costs, interest, and reasonable attorneys fees.

PLAINTIFF DEMANDS A TRIAL BY JURY ON ALL ISSUES

RAISED IN COUNTS, I, II, III AND IV.

Respectfully submitted for
the Plaintiff, by his attorneys,
PACKER & O'KEEFE

Merlyn P. O'Keefe, Esq.
1220 Kingstown Rd.
Peace Dale, RI 02879
(401) 789-4850 phone
(401) 782-4210 fax
Ct. Reg. #2439

Dated: 11 October 2005